# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nicholas S. Williams; Stephen M. Hause; and Henry P. Vessy, | No. 9:14-cv-00787-RMG-BM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Major Jones, *Supt. LCDC*; James Metts, *Sheriff, Lexington County Sheriff's Dept.*; William Miles, *M.D., LCDC, in individual official capacities*, | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 13). For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, Plaintiffs' Motions for Leave to Proceed *in forma pauperis* (Dkt. Nos. 3, 4, & 5) are **GRANTED**, Plaintiffs' Motion for Appointment of Counsel (Dkt. No. 6) is **DENIED**, Plaintiffs' Motion to Certify Class (Dkt. No. 7) is **DENIED**, and the Court **SEVERS** Plaintiffs' claim into three separate, individual cases.

## I. Background

Plaintiffs Williams and Vesey are currently pretrial detainees in the Lexington County Detention Center (LCDC). According to his filings in other cases, Plaintiff Hause has recently been released from LCDC. All three Plaintiffs allege various violations of their constitutional rights and seek to certify a class action on behalf of all pretrial detainees incarcerated at LCDC. (Dkt. No. 1). The Magistrate Judge has recommended that the three Plaintiffs be allowed to proceed *in forma pauperis* but recommend that their motion for appointment of counsel be

1

denied. (Dkt. No. 13 at 8-9, 20). The Magistrate Judge also recommends that Plaintiffs' Motion to Certify Class be denied and the Plaintiffs' claims be severed into individual actions. (*Id.* at 15-17). None of the Plaintiffs have filed objections to the R & R.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## III. Discussion

The Court agrees with the Magistrate Judge that Plaintiffs have not carried their burden of establishing the requirements for class certification under Rule 23. Among other infirmities, the Court cannot certify a class where a *pro se* litigant or litigants are acting as representatives of the class. *Gevara v. Bennett*, 472 Fed. App'x 187, 187-88 (4th Cir. 2012); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

The Court further agrees that Plaintiffs have erroneously conflated their request for appointment of counsel under 28 U.S.C. § 1915(e)(1) *for their individual claims*, based on their

inability to afford counsel, with a request for appointment of class counsel under Rule 23(g). No attorney has requested appointment, nor have Plaintiffs suggested an attorney for appointment, as class counsel under Rule 23(g). *See* Fed. R. Civ. P. 23 advisory committee's note ("In a plaintiff class action the court usually would appoint as class counsel only an attorney or attorneys who have sought appointment."). Regardless, Plaintiffs have not shown "exceptional circumstances" warranting the appointment of counsel for their individual claims, and their motion for appointment of counsel is denied. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

Finally, for the reasons stated in the R & R, the Court finds that joinder under Rule 20(a) is inappropriate, and severs Plaintiffs' claims under Rule 21.

## IV. Conclusion

The Court **ADOPTS** the R & R in full. Accordingly, Plaintiffs' Motions for Leave to Proceed *in forma pauperis* (Dkt. Nos. 3, 4, & 5) are **GRANTED**, Plaintiffs' Motion for Appointment of Counsel (Dkt. No. 6) is **DENIED**, Plaintiffs' Motion to Certify Class (Dkt. No. 7) is **DENIED**, and the Court **SEVERS** Plaintiffs' claim into three separate, individual cases.

The Clerk is **DIRECTED** to (1) maintain this case as one brought by Plaintiff Nicholas S. Williams and (2) open two new cases with separate civil action numbers, one for each of the other Plaintiffs, Stephen M. Hause and Henry P. Vesey. All three cases should contain all docket entries of Case No. 9:14-cv-00787 up to and including this Order, but, after entry of this Order, the dockets of the three cases will only contain entries filed in each separate case.

It is apparent from careful review of the Plaintiffs' Complaint and other submissions that they do not intend to name the Lexington County Detention Center and the Lexington County

3

Sheriff's Department as separate defendants in this action, and these two entities should not be included as defendants in the two newly opened cases.

**IT IS FURTHER ORDERED THAT** the three cases shall proceed to initial review by the assigned United States Magistrate Judge, in compliance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, as required by the Local Rules for the District Court for the District of South Carolina and pursuant to the General Order issued in *In Re: Procedures in Civil Actions filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Spet. 18, 2007).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

May 22, 2014
Charleston, South Carolina